CV 14 - 00969

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARUCH BITTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDREN'S SERVICES, and "JOHN DOE"

                Defendants.

JURY TRIAL DEMANDED

BRODIE, J. Civil Action No.:

VERIFIED COMPLAINT

ORENSTEIN, M.J.

**BARUCH BITTON** ("Plaintiff"), by his attorneys, THE LAW OFFICE OF BRYAN J. SWERLING, P.C. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against defendant municipality, THE CITY OF NEW YORK (hereinafter referred to as "CITY"), the defendant, ADMINISTRATION FOR CHILDREN'S SERVICES (hereinafter referred to as "ACS"), and JOHN DOE (hereinafter referred to as "DOE"), a counselors and/or officer of defendants CITY and ACS, who participated in the detention, excessive force, assault, battery, violating the civil rights of plaintiff, false imprisonment of plaintiff, and who caused personal injuries to the plaintiff.

2. It is alleged that on October 24, 2010, at approximately 3:00 p.m., and thereafter, counselor DOE, of the ACS, and as agents, servants and/or employees of defendant CITY, acting in concert, under color of state laws, intentionally and willfully subjected plaintiff to,

1

inter alia, , false imprisonment, detention, assault, battery, excessive force, violating the civil rights of plaintiff, and personal injuries, for acts of which plaintiff was innocent.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a), in that it alleges claims for relief arising under 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4. Additionally, the Court has pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

5. Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times hereinafter mentioned, plaintiff was and is a citizen of the United States and at all times relevant hereto resided in the County of Kings, in the City and State of New York.

7. At all times relevant and material herein, the defendant CITY was and still is a domestic municipal corporation and a subdivision of the State of New York, duly organized

and existing pursuant to the Constitution and under and by virtue of the Laws of the State of New York.

8. At all times relevant and material herein, the defendant ACS was a subdivision, department or agency of defendant CITY.

9. At all times relevant and material herein, the defendant DOE was an employee of defendant CITY, duly appointed and acting as a counselor and/or officer in the ACS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10. At all times relevant and material herein, the defendant DOE was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

11. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of New York.

**FACTUAL ALLEGATIONS**

12. At all times relevant and material herein, the defendant CITY operated, maintained, managed, supervised and controlled a juvenile corrections facility as part of and in conjunction with its municipal functions.

13. At all times relevant and material herein, the defendant ACS operated, maintained, managed, supervised and controlled a juvenile corrections facility as part of and in conjunction with its municipal functions.

14. At all times relevant and material herein, the defendant DOE was an employee of the CITY.

15. At all times relevant and material herein, the defendant DOE was an employee of ACS.

16. At all times relevant and material herein, the defendant DOE was personnel of the CITY.

17. At all times relevant and material herein, the defendant DOE was personnel of the ACS.

18. That at all times hereinafter mentioned and upon information and belief, the defendant CITY employed and supervised the defendant DOE.

19. That at all times hereinafter mentioned and upon information and belief, the defendant ACS employed and supervised the defendant DOE.

20. At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, counselor/officer DOE, to conform his conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

21. In addition, at all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train DOE, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

22. At all times hereinafter mentioned, upon information and belief, the defendant DOE was acting in his capacity as an employee, agent or servant of the defendant CITY.

23. At all times hereinafter mentioned, upon information and belief, the defendant DOE was acting in his capacity as an employee, agent or servant of the defendant CITY.

24. At all times hereinafter mentioned, the defendant DOE was acting under color of law.

25. At all times hereinafter mentioned, the defendant's acts constituted state action.

26. At approximately 3:00 p.m., on or about October 24, 2010, plaintiff was at or near Crossroads Juvenile Detention Center, 17 Bristol Street, Brooklyn, New York 11212.

27. Additionally, on or about October 24, 2010, the defendant DOE was on duty and/or acting as an employee, agent or servant of the defendant CITY, and were also present at the same time and in the same place as plaintiff, as aforesaid.

28. On or about October 24, 2010, and thereafter, the defendant DOE, an employee of defendant CITY, stopped and detained plaintiff, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to detain the plaintiff.

29. Upon information and belief, at all times herein mentioned, defendants DOE, an employee of defendant CITY, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped and detained plaintiff when it was not right, just, lawful, proper, or necessary to do so.

30. Upon information and belief, at all times herein mentioned, defendant DOE, an employee of defendant CITY, detained, attacked, beat, battered, intimidated, kicked, threatened, menaced, chased, jumped on, pushed to the ground, thrashed plaintiff, and further assaulted plaintiff, causing him to sustain severe and personal injuries.

5

31. In addition to the defendant's willful and intentional attack upon plaintiff, the defendant intentionally held and restrained plaintiff without his consent.

32. Upon information and belief, at all times herein mentioned, defendants DOE, an employee of defendant CITY, used excessive force and deadly physical force upon the plaintiff, thereby causing him to sustain severe and permanent injuries.

33. Upon information and belief, at all times herein mentioned, defendant DOE, an employee of defendant CITY, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff of his liberty, against the will of the plaintiff.

34. Defendant acted maliciously and intentionally.

35. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various places.

36. Eventually, the plaintiff was released from such confinement and detention.

37. All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

38. By reason of the foregoing acts by the defendants, as a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain.

39. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

40. By reason of the foregoing, plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar expenses.

41. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the counselors/officers including the manner in which they assaulted, battered, attacked and falsely imprisoned him.

42. By reason of the foregoing, plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar legal fees.

43. The actions of the individual defendant violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force against a person.

### FIRST CLAIM FOR RELIEF
### AGAINST THE INDIVIDUAL DEFENDANT

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

44. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "43", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

45. The defendant, acting under the color of law, have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

46. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
ASSAULT

47. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "46", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

48. Upon approaching plaintiff and while in the process of detaining him arresting him, defendant DOE, an employee of defendant CITY, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

49. Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

50. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

8

## THIRD CLAIM FOR RELIEF
AGAINST INDIVIDUAL THE DEFENDANT
BATTERY

51. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "50", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

52. Defendant DOE, an employee of defendant CITY, assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, shoved and pushed the plaintiff.

53. That the aforesaid conduct by defendant DOE was without the consent of the plaintiff.

54. That the aforesaid conduct by defendant DOE was offensive in nature.

55. That the aforesaid conduct by defendant DOE was intentional.

56. That the aforesaid conduct by defendant DOE was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to the plaintiff.

57. Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

58. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FOURTH CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANT
FOR FALSE IMPRISONMENT

59. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "58", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

60. The defendant detained and falsely imprisoned plaintiff, without warrant, even though he knew or should have known that he was wholly innocent of any crime.

61. Defendant subjected plaintiff to false imprisonment and deprivation of liberty without probable cause.

62. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "62", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

64. Defendant's conduct, in assaulting, battering and falsely imprisoning plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

65. Defendant's extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

66. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "66", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

68. Defendant's conduct, in assaulting, battering and falsely imprisoning plaintiff was careless and negligent as to the emotional health of plaintiff.

69. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANT
## COMMON LAW NEGLIGENCE

70. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "69", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

71. Defendant DOE was negligent in his conduct, in causing, or allowing, the aforesaid occurrence to take place.

72. Defendant DOE, an employee of defendant CITY, negligently assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, shoved and pushed the plaintiff.

73. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### EIGHTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND ACS
COMMON LAW NEGLIGENCE

74. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "73", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75. Defendant CITY was negligent in its operation, management, supervision and control of Crossroads Juvenile Detention Center.

76. Defendant ACS was negligent in its operation, management, supervision and control of defendant Crossroads Juvenile Detention Center.

77. Defendants CITY and ACS were negligent in its hiring, training and evaluating its agents, servants and employees, including but not limited to defendant DOE.

78. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND ACS
*respondeat superior*

79. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "78", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

80. Defendants CITY and ACS are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

81. Defendants CITY and ACS, by their agents, servants and employees, subjected plaintiff to assault, battery, false imprisonment, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

82. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND ACS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

83. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "82", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

84. Defendants CITY and ACS knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

85. Prior to October 24, 2010, defendants CITY and ACS developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

86. It was the policy and/or custom of defendants CITY and ACS to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its officers/counselors. Defendants CITY and ACS did not require appropriate in-service training or re-training of officers/counselors who were known to have engaged in misconduct.

87. As a result of the above described policies and/or customs, officers/counselors of the ACS believed that their actions would not be properly monitored by supervisory officers/counselors and that misconduct would not be investigated or sanctioned, but would be tolerated.

88. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the defendants CITY and ACS to the constitutional rights of persons

14

within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

89. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### ELEVENTH CLAIM FOR RELIEF
UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

90. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "89", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

91. By their conduct, defendants CITY, ACS, and DOE, under color of law, deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

92. Plaintiff claims damages for the injuries set forth above.

### TWELFTH CLAIM FOR RELIEF
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

93. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "92", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

94. By their conduct and under color of law, defendants CITY, ACS, and DOE deprived plaintiff of his constitutional right to immediate medical treatment and failed to protect him while in custody, thus perpetuating and exacerbating his physical and mental pain and suffering.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiff demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated:    New York, New York
          February 9, 2014

        Yours, etc.,

        THE LAW OFFICE OF BRYAN J. SWERLING, P.C.
        Attorneys for Plaintiff

        By: Bryan J. Swerling (BS 5447)
        150 Broadway, Suite 1600
        New York, New York 10038-4369
        Tel.: (212) 571-5757